605 So.2d 697 (1992)
STATE of Louisiana, Appellee,
v.
Gregory LEONARD, Appellant.
No. 24063-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
*698 James E. Beal, Jonesboro, for appellant.
Richard Ieyoub, Atty. Gen., Walter E. May, Jr., Dist. Atty., Douglas L. Stokes, Asst. Dist. Atty., for appellee.
Before SEXTON, VICTORY and BROWN, JJ.
VICTORY, Judge.
Defendant, Gregory Leonard, was convicted by a jury of simple burglary of an inhabited dwelling and sentenced to 18-years at hard labor after being adjudicated a habitual offender. Leonard now appeals, asserting several assignments of error, including that the trial court erred in denying a motion to suppress his confession. We agree that the confession was not freely and voluntarily given, and set aside Leonard's conviction and sentence.

FACTS
In the late afternoon on February 2, 1991, James Williams was alarmed by a noise he heard in the back bedroom of his home. Upon investigating, he discovered Leonard, his cousin, inside the bedroom. Mr. Williams emphatically demanded that Leonard explain why he was there, but Leonard only shrugged his shoulders and jumped out of the window. After calling the police, the only items Mr. Williams discovered missing from his home were a few hot dog weiners from a previously unopened package in his refrigerator. Leonard was arrested about an hour later and positively identified by Mr. Williams.
*699 Subsequent investigation revealed that Leonard had gained entry into the home by tearing the screen off the bedroom window and placing cinder blocks below it so he could climb through. Although at first the defendant denied even entering Mr. Williams' home, Leonard confessed the day after his arrest that he had done so in order to find some money. This incident resulted in a charge of simple burglary of an inhabited dwelling, a violation of LSA-C.Cr.P. Art. 14:62.2.
Leonard filed a motion to suppress his confession asserting that he was induced into giving the statement, but at a hearing held on July 3, 1991 his motion was denied. After being tried and convicted as charged by a jury, Leonard was then charged and adjudicated a habitual offender because of a 1976 simple burglary felony conviction, resulting in his 18-year hard labor sentence.

DISCUSSION
Leonard argues that the trial court erred in failing to grant his pretrial motion to suppress the confession. Specifically, Leonard claims that his statement was induced by promises from the interrogating officer, Deputy Trosclair, which vitiated the voluntariness of his statement. We agree.[1]
Before a confession may be introduced in evidence, the state has the burden of proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, inducements, or promises. LSA-R.S. 15:451; LSA-C.Cr.P. Art. 703(D); State v. Seward, 509 So.2d 413 (La.1987); State v. Cupit, 508 So.2d 996 (La.App.2d Cir.1987), writ denied 514 So.2d 1174 (La.1987). A confession obtained by direct or implied promises, however slight, or by the exertion of any improper influence must be considered involuntary and inadmissible. Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897); State v. Morvant, 384 So.2d 765 (La.1980); State v. Massey, 535 So.2d 1135 (La.App.2d Cir.1988).
However, a mild exhortation to tell the truth, or a remark that if the defendant cooperates the officer will "do what he can" or "things will go easier", will not negate the voluntary nature of the confession. State v. Petterway, 403 So.2d 1157 (La.1981); State v. English 582 So.2d 1358 (La.App.2d Cir.1991), writ denied 584 So.2d 1172 (La.1991). Further, advising a defendant that the district attorney will be advised of any cooperation is not sufficient inducement to overcome the free and voluntary nature of a confession. State v. Vernon, 385 So.2d 200 (La.1980); State v. Jackson, 530 So.2d 565 (La.App.2d Cir. 1988), writ denied 523 So.2d 251 (La.1988).
Whether the state has made an adequate showing that the defendant's confession was free and voluntary depends on the facts of the individual case. The trial court's findings as to the free and voluntary nature of the confession are entitled to great weight and will not be disturbed unless unsupported by the evidence. State v. Benoit, 440 So.2d 129 (La.1983); State v. English, supra.
In State v. Harper 485 So.2d 224 (La. App.2d Cir.1986), a confession was held inadmissible when the defendant was told that (1) his employer would not be told about the investigation, (2) he might not have to go to jail, (3) the case would be handled privately, and (4) the deputies would attempt to get the DA to agree to these things. This court overruled the trial court's denial of the motion to suppress, noting the state did not discharge its heavy burden to prove that the statements were not calculated to induce the defendant to confess.
In the instant case, at the hearing on the motion to suppress, Deputy Trosclair testified that he told Leonard he would talk to the DA and see if he could get the charge reduced from simple burglary of an inhabited dwelling to unauthorized entry of an inhabited dwelling. Trosclair mentioned to *700 Leonard that for simple burglary he would have to serve at least one year, but that for unauthorized entry there was a possibility of a suspended sentence. Although the deputy did not tell Leonard that he would get probation if he confessed, Deputy Trosclair admitted that Leonard probably thought he would only get a suspended sentence as a result of his confession to Trosclair. The essence of what was expressed and implied by Deputy Trosclair before Leonard made the confession was that if Leonard would admit his guilt, the deputy would attempt to get the DA to reduce the charge so that he might only receive a suspended sentence. Deputy Trosclair did more than exhort Leonard's conscience, he implied that Leonard would receive a substantial benefit if he confessed, which amounts to an inducement.
The trial judge acknowledged at the hearing on the motion that Trosclair's statements were an inducement. However, he stated that this inducement would not prohibit the admission of the confession because, in his words, "he [Deputy Trosclair] fulfilled his inducement". Apparently, the judge reasoned that since the deputy did speak to the DA about reducing the charge, the defendant got all that he was promised and, therefore, cannot complain. However, there is no authority for the proposition that an induced statement is made voluntary and admissible by the fulfillment of the inducement. The proper inquiry is not whether the inducement has or has not been fulfilled, rather it is whether the statements made by the interrogating officer constitute such an inducement that the statements made are not voluntary.
The state has a heavy burden of affirmatively proving beyond a reasonable doubt that a confession was free and voluntary and was not influenced by coercion or promises. State v. Harper, supra. We must conclude that the state failed to carry its burden in this case. The testimony of Deputy Trosclair, the state's only witness, corroborates, rather than rebuts, Leonard's contention that he was induced by the police to confess. The trial court should have granted Leonard's motion to suppress the confession.
Having determined that the trial court erred in denying the motion to suppress, we must next determine whether the introduction of this involuntary confession at trial requires us to set aside Leonard's conviction and sentence, or whether it was merely "harmless error". Before an error can be held harmless, a court must determine whether there is a reasonable possibility that the error might have contributed to the verdict. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Seward, supra. In Seward, the Louisiana Supreme Court questioned whether a coerced confession could ever be treated as harmless error, although it did not specifically answer this question. Like in Seward, we are not required to determine whether an involuntary confession can ever be deemed harmless, since our review of this record indicates that Leonard's confession may have contributed to the jury's verdict of guilty.
Leonard's confession appears to have been an important part of the state's case. Besides the eyewitness testimony of the victim, Leonard's cousin, there is no other evidence to prove Leonard committed the crime. There were no fingerprints taken, nor were there any other witnesses. In closing argument, the state emphasized Leonard's admission of guilt. Without the benefit of Leonard's confession, the state clearly had a much weaker case. Although we cannot with any certainty quantify the weight given by the jury to Leonard's confession, we cannot conclude that the introduction of the confession played no part in the jury's verdict. Thus, we are unable to hold that the error in admitting the involuntary confession was harmless beyond a reasonable doubt.

DECREE
Defendant's conviction and sentence are set aside. The trial court ruling which denied defendant's motion to suppress is *701 reversed and the case is remanded to the trial court for further proceedings.[2]
CONVICTION AND SENTENCE SET ASIDE. MOTION TO SUPPRESS GRANTED. REMANDED.
BROWN, Judge, Dissenting.
Confessions have been found admissible where officers have made similar comments during questioning as those made in the instant case. State v. Vernon, 385 So.2d 200 (La.1980); State v. Petterway, 403 So.2d 1157 (La.1982); State v. Dison, 396 So.2d 1254 (La.1981).
In Vernon, defendant was told that if he cooperated, it would be brought to the attention of the district attorney's office. In Petterway, the deputy told the defendant "things would go easier for him" if he cooperated. The court in that case determined that no promise had been made. In Dison, officers told the defendant that "in the past, anybody who tried to help themselves usually got help," and that if he cooperated the deputies would do what they could to help but they did not promise any particular results.
In the instant case, as in the cases cited above, defendant was advised of his rights and acknowledged that he had not been induced by threats or promises to give a statement. Deputy Trosclair testified that he told defendant only that he would talk to the district attorney about filing the lesser of two possible charges. Trosclair specifically told defendant that he could make no promises because it was the district attorney's decision as to what charge would be filed. Trosclair did not tell defendant that there was any usual sentence for either of the possible charges. Defendant admitted that the deputy had not assured him that he would be sentenced to probation but only that he (the deputy) would speak to the district attorney. The deputy did speak to the district attorney. In believing the deputy's testimony, the trial court did not abuse its discretion and did not err in holding defendant's second statement was not induced by promises.
Even if error was committed, it was harmless. In State v. Gibson, 391 So.2d 421 (La.1980), the Louisiana Supreme Court adopted the "harmless error" test set forth by the United States Supreme Court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), as the test that adequately complies with both Federal and Louisiana law in assessing whether or not an error may be deemed to be harmless. State v. Garris, 603 So.2d 277 (La. App. 2d Cir.1992); State v. Westfall, 446 So.2d 1292 (La.App. 2d Cir.1984), writ denied, 450 So.2d 957 (La.1984). The Chapman test asks whether there is a reasonable possibility that the erroneously admitted evidence might have contributed to the conviction and requires that the reviewing court be able to declare a belief that the error was harmless beyond a reasonable doubt.
The burden of proving harmless error lies with the state. State v. Gibson, supra; State v. Garris, supra. A review of the facts as stated by the majority opinion demonstrates that the evidence of guilt, without the inculpatory statement, was overwhelming.
In the late afternoon on February 2, 1991, James Williams was alarmed by a noise he heard in the back bedroom of his home. Upon investigating, he discovered Leonard, his cousin, inside the bedroom. Mr. Williams emphatically demanded that Leonard explain why he was there, but Leonard only shrugged his shoulders and jumped out of the window. After calling the police, the only items Mr. Williams discovered missing from his home were a few hot dog weiners from a previously unopened package in his refrigerator. Leonard was arrested about an hour later and positively identified by Mr. Williams.
Subsequent investigation revealed that Leonard had gained entry into the home *702 by tearing the screen off the bedroom window and placing cinder blocks below it so he could climb through.
In addition, blood found on the window where entry was gained to the home was consistent with a cut observed by the deputy on defendant.
I respectfully dissent.
NOTES
[1] Although Leonard cites numerous other assignments of error, our decision to reverse the conviction and sentence on the grounds that the confession was not freely and voluntarily given pretermits the need to address the remaining assignments.
[2] We note that if defendant is subsequently convicted, it appears he cannot be adjudicated an habitual offender because more than five years elapsed from the date of discharge from his prior felony conviction and the time of the commission of the instant offense. See LSA-R.S. 15:529.1(C); State v. Anderson, 349 So.2d 311 (La.1977).